UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROSIE-ALICE KING,

                              **Plaintiff,**                    Case No. 20 Civ. 6050
              - against -

**REGEN MEDICAL MANAGEMENT, LLC, REGEN**     **COMPLAINT FOR**
**MEDICAL, P.C., and STEVEN VICTOR, MD, individually**  **A CIVIL ACTION**
**and as Chief Executive Officer of Regen Medical**
**Management, LLC, and Regen Medical, P.C., and ANA**   **Jury Trial Demanded**
**RHODES, individually and as Manager of Regen Medical**
**Management, LLC, and Regen Medical P.C.,**

                              **Defendant.**
------------------------------------------------------------------------x

Plaintiff Rosie-Alice King (hereinafter, "Plaintiff"), by and through her undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., hereby files this Action against Defendants Regen Medical Management, LLC, Regen Medical, P.C., and Steven Victor, MD, individually and as Chief Executive of Regen Medical Management, LLC, and Regen Medical P.C., and Ana Rhodes, individually and as Manager of Regen Medical Management, LLC, and Regen Medical, P.C. (hereinafter collectively referred to as "Defendants") and alleges, upon personal knowledge as to herself, and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. This case is brought to enforce Plaintiff's federal and state rights to receive wages in conformity with statutory requirements providing that non-exempt employees receive overtime premium pay, equal to one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) in a workweek. Moreover, Plaintiff is also bringing related claims, pursuant to New York State Law, based on the Defendants

failure to comply with laws relating to notice and recordkeeping requirements, pay statements, and termination letters.

2. Specifically, Plaintiff alleges that she is entitled to: (i) unpaid overtime premium pay from Defendants, as required by the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* and United States Department of Labor, Wage and Hour Division's Regulations Relating to Labor, Title 29, Subtitle B, Chapter V *et seq.* ("Federal Wage Regulations"); and, (ii) attorneys' fees and costs, liquidated damages and interest pursuant to the FLSA and its Federal Wage Regulations.

3. Plaintiff alleges that she is entitled to: (i) unpaid overtime premium pay from Defendants, as required by the New York State Minimum Wage Act, N.Y. Labor Law §§ 190 et seq. and 650, *et seq*. ("NYLL") and the New York Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, §§ 142-1.1, *et seq*. (2020)  ("Wage Order"); (ii) damages associated with Defendants' failure to comply with statutory notice and recordkeeping requirements by failing to provide Plaintiff with a written notice concerning her wages and terms of employment that was compliant with N.Y. Labor Law § 195(1); (iii) damages associated with Defendants' failure to provide Plaintiff with wage statements that were compliant with N.Y. Labor Law § 195(1)(a); (iv) damages associated with Defendants' failure to provide Plaintiff with a termination letter pursuant to N.Y. Labor Law § 195(6); and, (v) liquidated and punitive damages, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PARTIES**

7. Plaintiff is an adult female who, at all relevant times, resided in the State of New Jersey.

8. Plaintiff's consent in writing to be a party of this action pursuant to 29 U.S.C. § 216(b) is attached to this complaint and incorporated by reference.

9. Defendant Steven A. Victor is a licensed medical doctor specializing in regenerative medicine and dermatology, who maintains his principal office and place of business at 460 Park Avenue, 17th Floor, New York, New York 10022.

10. Defendant Regen Medical Management, LLC, is a limited liability company that on information and belief is organized under the laws of the State of Delaware and is authorized to do business in the State of New York.

11. Upon information and belief, Defendant Victor is the sole member of Regen Medical Management, LLC.

12. Defendant Regen Medical Management, LLC, is one of the two entities through which Defendant Victor conducts his regenerative medicine and dermatology practice.

13. Upon information and belief, Defendant Regen Medical Management, LLC, maintains its principal place of business at 460 Park Avenue, 17th Floor, New York, New York 10022.

14. At all relevant times, Defendant Steven Victor, MD, has been the Chief Executive Regen Medical Management, LLC.

15. At all relevant times, Defendant Regen Medical Management, LLC, has employed ten (10) or fewer employees.

16. Defendant Regen Medical, P.C., is a domestic corporation organized and existing under the laws of the State of New York.

17. Defendant Regen Medical, P.C., is a professional corporation formed and existing under the laws of the State of New York, which maintains its principal place of business at 460 Park Avenue, 17th Floor, New York, New York 10022.

18. Defendant Regen Medical, P.C., is one of the two entities through which Defendant Victor conducts his regenerative medicine and dermatology practice.

19. Upon information and belief, Defendant Regen Medical, P.C., maintains its principal place of business at 460 Park Avenue, 17th Floor, New York, New York 10022.

20. At all relevant times, Defendant Steven Victor, MD, has been the Chief Executive Regen Medical, P.C.

21. At all relevant times, Defendant Regen Medical, P.C., has employed ten (10) or fewer employees.

22. At all relevant times, Defendants Regen Medical Management, LLC, and Regen Medical, P.C., operated their business out of the same office and location.

23. At all relevant times, Defendants Regen Medical Management, LLC, and Regen Medical, P.C., used the same supplies and equipment in connection with the medical services it offered to the public.

24. Upon information and belief, Defendant Anna Rhodes is Defendant Victor's wife.

25. Upon information and belief, Defendant Rhodes is an individual residing in the State of New York.

26. At all relevant times herein, Defendant Rhodes was and is responsible for the overall management of Regen Medical Management, LLC.

27. At all relevant times, Defendant Ana Rhodes, has been the Manager of Regen Medical, P.C.

28. At all relevant times herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 – 207.

29. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 2(5).

30. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 190(2).

31. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by NYLL § 651(5).

32. At all relevant times, Defendants employed Plaintiff as a "employee", as defined by 12 N.Y.C.R.R. § 142-2.14.

33. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 2(6).

34. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 190(3).

35. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

36. At all relevant times, Defendants were Plaintiff's "employer," as defined by NYLL § 651(6).

37. At all relevant times, Plaintiff was "employed" by Defendants, as defined by NYLL § 2(7).

38. Defendants are covered employers within the meaning of the FLSA and NYLL, and at all relevant times employed the Plaintiff.

39. Defendants, at all relevant times herein, have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

40. Upon information and belief, at all relevant times herein, Defendants Regen Medical Management, LLC, had gross annual revenues in excess of $500,000.

41. Upon information and belief, at all relevant times herein, Defendants Regen Medical, P.C., had gross annual revenues in excess of $500,000.

42. At all relevant times, Defendants Victor and Rhodes maintained control, oversight, and direction over Plaintiff, including payroll and other employment practices that applied to her.

43. Defendants collectively controlled Plaintiff's terms and conditions of employment.

44. Defendants collectively determined Plaintiff's rate and method of compensation.

45. At all times relevant herein, Defendants were an "enterprise" within the meaning of 29 U.S.C. § 203(r).

46. At all relevant times herein, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

47. At all relevant times herein, Defendants were a "person" within the meaning of 29 U.S.C. § 203(a).

## FACTUAL ALLEGATIONS

48. In or around May 2018, Plaintiff was interviewed by Defendants Rhodes and Victor.

49. Shortly after interviewing Plaintiff, Defendants hired her to work on a full-time basis.

50. At the time that she was hired, Defendants failed to notify Plaintiff, in writing, at of the following information: (1) the rates of pay and basis thereof, (2) whether paid by the hour, shift, day, week or salary; and, (3) allowances, if any, claimed as part of the minimum wage, including lodging allowances, (4) regular pay day designated, (5) name of the employer, (6) any "doing business as" names used by the employer, 6) the physical address of the employer's main office or principal place of business, and, (7) the employer's telephone number, in violation of NYLL § 195(1)(a).

51. At the time that she was hired, Plaintiff was informed that she was going to be paid a flat salary of $35,000 per year, in spite of the number of hours that she worked.

52. Plaintiff was paid less than the statutory minimum salary rate, as required pursuant to the New York Wage Order, 12 N.Y.C.R.R. § 142-2.14.

53. At the time that Plaintiff was hired, she was informed that she was required to work Monday through Friday, from 8:00 a.m. to 5:00 p.m. with 30-minutes of lunch each day.

54. Plaintiff's job duties involved, in part, assisting Defendant Victor by preparing the rooms that he used to perform procedures on Defendants patients, including, organizing and cleaning the room before and after procedures.

55. Plaintiff was also responsible for greeting patients while stationed at the office front desk, answering telephone calls, responding to text messages, scheduling patient appointments, providing medical procedure quotes, typing reports, acquiring authorizations for surgeries and testing, maintaining a calendar, and assisting patients, in general, through the procedural/administrative steps associated with any medical procedures they planned to undergo or had underwent.

56. During the time that Plaintiff worked for Defendants, she was directly supervised by Defendants Rhodes and Victor.

57. Defendants Rhodes and Victor also controlled Plaintiff's terms and conditions of employment, and determined her rate and method of compensation.

58. During the time that Plaintiff worked for Defendants, Defendants Rhodes and Victor set Plaintiff's work schedule.

59. During the time that Plaintiff worked for Defendants, Defendants Rhodes approved or disapproved Plaintiff's requests for approved paid and unpaid leave.

60. During the time that Plaintiff worked for Defendants, Defendants Rhodes and Victor maintained employee records, and had the authority to hire and fire employees, including Plaintiff.

61. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

62. At all relevant times during Plaintiff's employment with Defendant, Plaintiff had no managerial duties or decision-making authority, and was not authorized to spend money on the company's behalf.

63. The duties and responsibilities that Plaintiff performed on behalf of Defendants Regen Medical, P.C., and Regen Medical Management, LLC, were such that it was indistinguishable as to which entity she was working for the benefit of because both entities were intertwined in all material respects.

64. Beginning in or around September 2018, Defendants increased Plaintiff's wages to $40,000 per year and also increased the number of hours that Plaintiff was required to work.

65. For instance, Defendants instructed Plaintiff that she was responsible for customer service after she left the office, during all of her non-working hours.

66. Outside of Plaintiff's regular scheduled hours, i.e., Monday through Friday, from 8:00 a.m. to 5:00 p.m., she was required to respond to patient emails, text messages, and telephone calls on a daily basis.

67. As a result of the duties that Plaintiff was required to perform during non-regularly scheduled hours, she often worked up to two additional hours each day without compensation.

68. Despite receiving a raise, which brought her yearly salary to $40,000.00, Plaintiff was, nevertheless, paid less than the statutory minimum salary rate, as required pursuant to the New York Wage Order, 12 N.Y.C.R.R. § 142-2.14.

69. In or around September 2018, October 2018, and November 2018, Defendants required Plaintiff to travel to Dubai to assist Defendant Victor in connection with medical services Defendants provided to patients.

70. When Plaintiff traveled to Dubai as per Defendants' directives, she worked from 8:00 a.m. to 10:00 p.m.

71. Plaintiff's duties during her assignments in Dubai included greeting patients, answering telephone calls, responding to text messages, scheduling patient appointments, providing medical procedure quotes, typing reports, acquiring authorizations for surgeries and testing, maintaining a calendar, and assisting patients, in general, through the procedural/administrative steps associated with any medical procedures they planned to undergo or had underwent.

72. For example, Plaintiff worked for Defendants, as she normally did, from Sunday, September 16, 2018, through Tuesday, September 18, 2018, and on September 19, 2018, Plaintiff traveled to Dubai and returned to the United States on Monday, September 24, 2018.

73. On or around September 25, 2018, Plaintiff reported to work and worked her regular hours.

74. On those occasions that Plaintiff traveled to Dubai on behalf of Defendants, Plaintiff did not receive premium overtime pay equal to one and a half times her regular hourly rate of pay.

75. During the time that Plaintiff worked for Defendants, she did not receive uninterrupted meal or rest periods, of at least twenty (20) minutes, and was required to perform her regularly assigned duties.

76. During the time that Plaintiff worked for Defendants, she did not receive premium overtime wages for all hours worked in excess of forty in any given workweek.

77. For example, in or around the week beginning on September 18, 2018, the Plaintiff worked more than fifty (50) hours without being paid an overtime premium rate equal to one and half of her regular hourly rate for all hours worked in excess of forty (40) hours.

78. Defendant was aware or should have been aware that it was not fully compensating the Plaintiff for her labor.

79. In or around December 2018, Plaintiff's salary was increased from $40,000.00 per year to $55,000 per year, which surpassed the minimum salary rate, pursuant to the New York Wage Order, 12 N.Y.C.R.R. § 142-2.14.

80. Throughout the duration of Plaintiff's employment with Defendant, Plaintiff was issued paystubs that did not conform to NYLL § 195(3), including, but not limited to the pay period being paid in the paystub, her overtime premium rate of pay, and the number of hours that Plaintiff worked in the pay period.

81. At all relevant times, Defendants failed to maintain accurate records of the hours that Plaintiff worked and the wages that she was statutorily entitled to, in violation of 29 U.S.C. § 211(c).

82. At all relevant times, Defendants failed to maintain accurate records of the hours that Plaintiff worked and the wages that she was statutorily entitled to, in violation of N.Y. Labor Law § 661.

83. In or around September 2019, Plaintiff stopped working for Defendants.

84. Defendant failed to notify Plaintiff, in writing, of the exact date of her termination as well as the exact date of cancellation of her employee benefits within five working days from the she stopped working for Defendants, in violation of N.Y. Labor Law § 195(6).

## FIRST CLAIM OF RELIEF
## FAIR LABOR STANDARDS ACT
## OVERTIME VIOLATIONS

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

86. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

87. Defendants failed to pay Plaintiff overtime wages for all of the hours she worked in excess of 40 hours in a workweek.

88. Defendants' unlawful conduct, as described in the instant Complaint, has been willful and intentional.

89. Defendants were aware or should have been aware that the practices described in instant Complaint were unlawful.

90. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

91. As a result of Defendants' unlawful acts, Plaintiff has been deprived of earned wages in amounts to be determined at trial and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**
**VIOLATIONS OF THE OVERTIME PROVISIONS**

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

93. The overtime wage provisions set forth in the Article 19 of the NYLL, and the supporting Wage Order, apply to Defendants and protect Plaintiff.

94. Defendants failed to pay Plaintiff overtime wages for all of the hours she worked in excess of 40 hours in a workweek.

95. Defendants were aware or should have been aware that the practices described in the instant Complaint were unlawful.

96. Defendants did not have a good faith basis to believe that its underpayment of wages was in compliance with the law.

97. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

98. Through their knowledge or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19 §§ 650 *et seq*., and Wage Order, 12 N.Y.C.R.R. § 142-2.2.

99. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recover of such

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL Article 6, § 198.

### THIRD CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### WAGE STATEMENT PROVISION

100. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

101. The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to Defendant, and protect Plaintiff.

102. Defendants failed to provide Plaintiff with a written statement concurrent with payment of wages which lists, *inter alia,* the number of regular, overtime hours worked and the overtime rate of pay, to which she was entitled under the NYLL § 195(3) and Wage Order.

103. Through their knowledge or intentional failure to provide Plaintiff with wage statements, Defendants have willfully violated the NYLL Article 6 §§ 195 *et seq*.

104. Due to Defendants' violations of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### NEW YORK STATE LABOR LAW
### NOTICE AND RECORDKEEPING REQUIREMENT

105. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

106. The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to Defendants, and protect Plaintiff.

107. Defendants failed to provide Plaintiff with a written notice, in English, at the time that she was hired, and when her rate of pay changed, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

108. Through their knowledge or intentional failure to provide Plaintiff with notice statements, Defendants have willfully violated the NYLL Article 6 § 195(1).

109. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK STATE LABOR**
**TERMINATION LETTER REQUIREMENT**

110. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

111. The Payment of Wages provisions of Article 6 of the NYLL and the supporting Wage Order apply to Defendants, and protect Plaintiff.

112. Defendants failed to notify Plaintiff, in writing, of the exact date of her separation from employment and the exact date of cancellation of her employee benefits, including health insurance, within five working days from her last day of work.

113. Through their knowledge or intentional failure to provide Plaintiff with notice statements, Defendants have willfully violated the NYLL Article 6 § 195(6).

114. Due to Defendants' violations of the NYLL § 195(6), Plaintiff is entitled to recover from Defendants $5,000.00 in damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

  a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

  b) Declaring that Defendants violated the recordkeeping requirement of, and associated rules and regulations under, the FLSA with respect to Plaintiff compensation and hours;

  c) Awarding Plaintiff damages for the unpaid overtime compensation under the FLSA;

  d) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, pursuant to the FLSA, 29 U.S.C. § 216(b) and the supporting U.S. Department of Labor Regulations;

  e) Declaring that Defendants violated the overtime wage provisions of, and supporting Wage Order promulgated under, the NYLL as to Plaintiff;

  f) Declaring that Defendants violated the notice and recordkeeping requirement of the NYLL with respect to Plaintiff's compensation, hours, and wages;

g) Declaring that Defendants violated the wage statement provisions of the NYLL with respect to Plaintiff's compensation, hours, and wages;

h) Declaring that Defendants violated the termination letter provisions of the NYLL with respect to Plaintiff's benefits, compensation, hours, and wages;

i) Declaring that Defendants' violations of the provisions of the NYLL and Wage Order was willful as to Plaintiff;

j) An award of statutory penalties equal to two hundred and fifty dollars ($250.00) for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars ($5,000.00) each, as provided by NYLL, Article 6 § 198;

k) An award of statutory penalties equal to fifty dollars ($50.00) for each workday that Defendants failed to provide Plaintiff with proper wage notices, or a total of five thousand dollars ($5,000.00) each, as provided by NYLL, Article 6 § 198;

l) An award of statutory penalties equal to five thousand dollars ($5,000.00) as a result of Defendants' failure to provide Plaintiff with a termination letter, as provided by NYLL, Article 6 § 198;

m) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, pursuant to the NYLL and the supporting Wage Order;

n) Prejudgment and post-judgment interest;

o) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to NYLL;

p) Ordering that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4);

q) Awarding reasonable attorneys' fees and costs of the action; and,

r) Ordering such other relief that this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues of fact and damages.

Date: New York, New York
July 27, 2020

          The Law Offices of
          Fausto E. Zapata, Jr., P.C.

By: _____
     Fausto E. Zapata, Jr. (FZ4957)
     *Attorneys for Plaintiff*
     277 Broadway, Suite 206
     New York, New York 10007
     Tel. (212) 766-9870
     Email: fz@fzapatalaw.com

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Regen Medical Management, LLC, and Regen Medical, P.C., to pay me overtime wages as required under state and /or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a plaintiff in this action. I have been provided with a copy of the retainer agreement that I signed by The Law Offices of Fausto E. Zapata, Jr., P.C., and I agree to be bound by its terms.

_____
Rosie-Alice King

8/3/2020
_____
Date

Scanned with CamScanner