```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rosie-Alice King,

                Plaintiff,

     –v–

Regen Medical Management, LLC, et al.,

                Defendants.

20-cv-6050 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     This employment case was initiated by Rosie-Alice King on August 3, 2020. On September 28, 2020, the Clerk's Office issued certificates of default against Defendants Regen Medical Management, LLC, and Regen Medical, P.C. (collectively "Regen"). On October 1, 2020, King filed a motion for default judgment. On November 4, 2020, Regen filed a cross-motion to set aside the defaults. For the following reasons, Regen's motion to set aside the defaults is GRANTED and King's motion for default judgment is administratively DENIED as moot.

    **I.**     **Background**

     King worked at Regen Medical Management, LLC, and Regen Medical, P.C., from approximately May 2018 to September 2019. Complaint ¶¶ 48–83, Dkt. No. 1. The Regen defendants are owned and operated by Defendants Steven Victor and Anna Rhodes. *Id.* ¶¶ 10–27. Victor practices through Regen to provide regenerative medicine and dermatology services. *Id.* ¶ 12. King alleges that during her employment, Defendants violated several provisions of the

1

Federal Labor Standards Act, 29 U.S.C. §§ 201 et seq., and New York Labor Law, including failure to pay the minimum wage and overtime wages. *Id.* ¶¶ 85–114.

On August 3, 2020, King filed the complaint against the four Defendants. Dkt. No. 1. King requested certificates of default against the Regen defendants, which the Clerk's office issued on September 28, 2020. Dkt. Nos. 28, 31–32. A motion for default judgment followed on October 1, 2020. Dkt. No. 33. Defendants made a counseled appearance on October 16, 2020, by filing a letter to the Court requesting a briefing schedule on King's motion for default judgment. Dkt. No. 47. Defendants filed a cross-motion to set aside the defaults on November 4, 2020. Dkt. No. 55. That same day, Defendants filed an answer to King's complaint. Dkt. No. 53. The default-judgment motions are fully briefed. Dkt. No. 59 ("Regen Br."), 63 ("Reply Br.").

**II.     Legal Standard**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . , the clerk must enter the party's default." After such default is entered, however, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The standard for setting aside a default is more lenient than that for vacating a default judgment, but the "good cause" factors are the same for both. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). To determine whether "good cause" exists, courts assess three criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)). The

Second Circuit has expressed a "strong 'preference for resolving disputes on the merits.'" *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

### III.   Discussion

The Court considers each "good cause" factor in turn below and concludes that, on balance and in light of the "strong preference" in this Circuit for resolving cases on their merits, these factors weigh in favor of vacating the defaults.

### A.   Prejudice

The Court considers the last "good cause" factor first, because "[p]rejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion . . . .'" *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12-cv-52 (JPO), 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013) (quoting Wright & Miller, *Federal Practice and Procedure* § 2699 (3d ed. 2010)).  Delay, standing alone, does not establish prejudice for purposes of a request to set aside an entry of default. *Enron Oil*, 10 F.3d at 98. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks omitted).

King does not raise any clear claim of prejudice.  She contrasts Regen's claim that Regen Medical Management, P.C., ceased its operations in 2017 before King was hired, Regen Br. 3, with evidence that Regen Medical, P.C., still operates an active social media account, Reply Br. 16; Zapata Reply Decl. ¶¶ 15–16.  King argues that this is "strong evidence" that Defendants are "acting in bad faith" and that there will be "lost evidence," "increased difficulties of discovery," and "fraud and collusion."  Reply Br. 16–17.  The Court is not persuaded by this argument.

First, whether Regen Medical Management, P.C., still operates is a contested question of fact, and King's claim that it will result in evidence loss or fraud is purely speculative. To the extent King suspects intentional destruction of material evidence, she may seek sanctions. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (noting that "a district court has broad discretion in crafting a proper sanction for spoliation"). Second, the Court's decision to maintain or set aside Regen's default has no causal connection to whether Regen continues to represent to the Court that Regen Medical Management, P.C., is no longer an operating business.

The Court finds little, if any, evidence of prejudice. First, Regen promptly made appearances after the Clerk's office issued certificates of default. Just over a month after default was entered, and only 93 days after King filed her complaint, Regen filed an answer. Dkt. No. 53. In short, Regen's default affected only minimally the pace of litigation, King's access to discovery, and resolution of the dispute on the merits. Second, the Court does not ignore the fact that in the intervening time since King filed the motion for default judgment, the parties, including Regen, have continued to litigate and engage in ongoing discovery. And third, because Defendants seek to litigate the merits of the case, King would not be without a remedy in this Court if default is set aside. *See Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. CV 12-2067 ADS AKT, 2013 WL 4039378, at *4 (E.D.N.Y. Aug. 7, 2013). The Court therefore concludes that the prejudice factor weighs heavily in favor of setting aside Regen's default.

### B. Willfulness of default

The next factor—willfulness of the default—also weighs in favor of setting aside the default, albeit only marginally. Willfulness in this context means more than mere negligence or carelessness; it refers to conduct that is "egregious" and "not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). An inference of willful default is warranted if a

4

defendant "does not deny that he received the complaint, the court's orders, . . . or that he never answered the complaint," and "does not contend that his non-compliance was due to circumstances beyond his control." *Guggenheim Capital, LLC*, 722 F.3d at 455. "[D]efaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, or failed, for flimsy reasons, to comply with scheduling orders . . . ." *McNulty*, 137 F.3d at 738–39 (citations omitted). An attorney's willful conduct is imputed to the represented party where the party "makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit." *Id.* at 740.

King initially served the summons and complaint on Regen by delivering them to the Office of the New York Secretary of State, Dkt. Nos. 17–18, as authorized by New York law, N.Y. Bus. Corp. § 306(b)(1); N.Y. Ltd. Liab. Co. § 303(a). Victor states in a sworn declaration that Regen never received this service. Victor Decl. ¶ 3, Dkt. No. 61. He claims that Defendants did not receive any service until September 29, 2020, when Rhodes and Victor received service sent to them as individual defendants. *Id.* Victor attributes this failure to receive service to the Regen defendants' change in address in June 2020, approximately two months before King filed her complaint, although Defendants claimed they also arranged for mail to be forwarded to the new address. *Id.* ¶ 4. Counsel filed a letter to the Court on Defendants' behalf within three weeks of their receiving service. Dkt. No. 47.

"Under New York law, plaintiff's service on the Secretary of State was lawful, valid service." *Swift Spinning Mills v. B&H Apparel*, No. 00 CIV. 652 (AKH), 2003 WL 942610, at *1 (S.D.N.Y. Mar. 6, 2003); *Vega v. Trinity Realty Corp.*, No. 14-CV-7417 (RJS), 2021 WL 738693, at *5 (S.D.N.Y. Feb. 24, 2021). King argues that Defendants' "failure to notify the Secretary of State of its change of address constitutes willful conduct, and is not excusable."

5

*Swift*, 2003 WL 942610, at *1; *see also Cedeno v. Wimbledon Bldg. Corp.*, 615 N.Y.S.2d 40, 40 (App. Div. 1994) ("[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process, and failure to meet that obligation will not constitute reasonable excuse to vacate a default judgment.").

When a defendant fails to update its address with the Secretary of State, courts inquire whether that failure constitutes willful conduct for purposes of default. *Byrnes v. Yeats Constr. Mgmt., Inc.*, No. 12CV05355NSRLMS, 2017 WL 4045484, at *6 (S.D.N.Y. Sept. 11, 2017) (vacating a default judgment despite defendant's failure to correct its address with the Secretary of State). Several facts cut against a finding of willfulness here. First, Regen's change in address was relatively recent, only two months before King filed her complaint. *Cf. Swift*, 2003 WL 942610, at *2 (emphasizing that defendants' address changed 2 years prior to default). Second, Regen is a "small business" with fewer than ten employees whose failure to promptly update its address could be attributed to "ignorance." *Briggs Ave. L.L.C. v. Ins. Corp. of Hannover*, 516 F.3d 42, 49 (2d Cir. 2008). Importantly, there is no evidence, as courts have found in analogous cases, that Defendants realized their address was incorrect or missed an opportunity to correct it. *See Byrnes*, 2017 WL 4045484, at *7. Third, Defendants arranged to forward their mail to a new address, which suggests that they did not intend to avoid service by Plaintiffs or other litigants. *See Swift*, 2003 WL 942610, at *2 (finding that defendants were "seeking to hinder" legal process by changing their address). Fourth, once Victor and Rhodes received service, they acted diligently and entered an appearance in fewer than three weeks. *Cf. Gesualdi v. Tapia Trucking, LLC*, No. 09 CV 842 RJD RLM, 2009 WL 2915780, at *3 (E.D.N.Y. Sept. 11, 2009). Fifth, King cites abundant case law involving motions to vacate a final default judgment under Federal Rule of Civil Procedure 60(b). Reply Br. 11–12. But

Defendant's motion is to set aside a default under Rule 55(c). That difference is material because Rule 60(b) sets a more rigorous standard for defaulting defendants than does Rule 55(c). *See Enron Oil*, 10 F.3d at 96.

King also contends that Regen's conduct was willful because King's counsel communicated with Defendants and Defendants' counsel prior to filing the complaint. Reply Br. 12–13; *see* Zapata Reply Decl. ¶¶ 4–9, Dkt. No. 62. Therefore, King continues, Regen was on notice of the impending complaint and should have "inform[ed] Plaintiff" of their changed address, notified the Secretary of State, or directed their attorneys to accept service of process as King's counsel requested. *Id.* 13–14. These facts point toward, but do not require, a willful-conduct determination.

Regen's behavior was at least negligent. If not for its carelessness and failure to promptly comply with state law, Regen would have received actual notice of King's complaint and filed a timely answer. But the Court does not conclude—in light of their explanations and resolving all doubts in their favor—that their actions were willful. The Court finds credible Victor's sworn representations that Regen moved its business address for reasons unrelated to this litigation, and that Regen arranged for forwarding of mail to the new address. Victor Decl. ¶¶ 3–4.[1] Thus, though it is a close call, after resolving all doubts in Defendants' favor, the Court concludes that this factor favors vacating the defaults.

### C. Meritorious defenses

---

[1] The Court additionally takes notice of the fact that at the time period at issue, "certain postal districts" including New York, "experienced periods of significant declines [in on-time postal delivery] during the pandemic." US. Gov't Accountability Off., GAO-21-261, *U.S. Postal Service: Volume, Performance, and Financial Changes Since the Onset of the COVD-19 Pandemic* 13 (2021).

Finally, the existence of potentially meritorious defenses also favors vacating the default. In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, *see, e.g.*, *Davis*, 713 F.2d at 916, but he must present evidence of facts that, "if proven at trial, would constitute a complete defense," *McNulty*, 137 F.3d at 740 (quoting *Enron Oil*, 10 F.3d at 98). "As long as the defendant has a meritorious defense for one of the plaintiff's claims, and that claim is independent of any other claim in the case, the factfinder will have some determination to make." *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 198 (S.D.N.Y. 2021).

As Defendants' filed answer demonstrates, Defendants have identified potentially meritorious defenses. *See* Answer, Dkt. No. 53. Foremost, they argue that King likely qualified for an exemption to the FLSA and NYLL as working in an administrative or learned professional role. *See* N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-3.12(c)(2)(ii)–(iii); 29 C.F.R. §§ 541.102, 521.301. Defendants argue that King drew blood, produced stem cells, and assisted Victor in surgeries, among other tasks. Regen Br. 11–13. Notwithstanding King's credible responses to this argument, Reply Br. 15–16, the Court at this juncture is persuaded that it is a *potentially* meritorious defense. Additionally, Regen denies that King worked overtime, that she did not receive obligatory breaks, and that Regen did not keep adequate time records or terminate King's employment. Regen Br. 3–6, 10–12; *see also* Victor Decl. ¶¶ 3–9; Ambarsom Decl., Dkt. No. 57. Regen has therefore raised at least one defense that would "completely negate" at least one of King's claims. *Wildflower*, 338 F.R.D. at 198. This factor favors vacating the defaults.

D. Balance of the factors

As already noted, there is a strong preference in this Circuit for resolving disputes on the merits. *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). All three factors in this

case favor vacating the defaults. Though the Court ultimately concludes that Regen's default was not willful, a contrary conclusion would not alter the balance of the factors, which would still weigh in favor of vacating the defaults. *See Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 341 (S.D.N.Y. 2013) (collecting cases in which vacatur was warranted in spite of willfulness of the default). The Court would also resolve any doubt as to whether the defaults should be vacated in Regen's favor and set aside the defaults nonetheless. *See Enron Oil Corp.*, 10 F.3d at 96. The strong policy reasons that disfavor default bolster the Court's conclusion that vacatur of the defaults under Rule 55(c) is proper here.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to set aside Regen's default and administratively DENIES King's motion for default judgment as moot. The Court also denies Regen's request for oral argument on this motion. *See* Dkt. No. 64.

This resolves docket numbers 33, 55, and 64.

SO ORDERED.

Dated: September 7, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge