USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROSIE-ALICE KING,

             Plaintiff,

             - against -

REGEN MEDICAL MANAGEMENT, LLC, *et al.*,

             Defendants.

------------------------------------------------------------X

**ORDER**

20-CV-6050 (AJN) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The Court received the following by email from defendant Victor on September 23:

> Your Honor,
>
> On September 8, 2021 Your Honor issued an order and it states "Plaintiff shall produce any **email or phone records** reflecting any overtime hours she claims to have worked by September 22, 2021. If no such records exist, or if Plaintiff has already produced those documents Plaintiff must so indicate to Defendants in writing"
>
> I received three emails from Mr. Zapata late last night and the first two emails only contained a record of WhatsApp communications that I had already sent him from my two phones of communications between myself and various staff members including the Plaintiff.
>
> **I would like to ask the Court to seal these WhatsApp since Mr. Zapata did NOT redact the names of the patients and this is in violation of HIPAA and could cause some issues.**
>
> The third email had an assortment of random pictures
> 1. Of a patient receipt and a notebook that is not legible
> 2. An invite for a lecture series from a Dubai trip in October
> 3. Pictures from a phone of an article that appeared in a Dubai magazine
>
> Plaintiff claims she worked overtime to do customer (patient) services for 15 extra hours per week when in New York City and 30 hours per week when in Dubai.

1

The WhatsApp that Plaintiff submitted just shows conversations between Defendant and Plaintiff which are 90% social in nature (about vacations, nursing test, family etc) outside of normal business hours and only adds up to about 1-2 hours of questions about patients over 1 ½ years.

There were no phone records from Ms. King personal phone nor any emails for the times she claimed she worked overtime either from the office or from home on weekends communicating with patients.

She claimed she worked overtime from 5pm to 7pm Mon, Tues, Wed, Thurs, Fri in NY office and 5pm to 7pm Saturday and Sunday which I assume was from home doing patient (customer) services.

There were no records from her personal phone of a group WhatsApp "Regen Girls" as shown to us by Ms. Nadia Ambrson in part in her addavidit [sic].

There were no emails to or from any patients for after-hours alleged working overtime either in the office or from home.

**Mr. Zapata has not followed your Honor's Order to give to the Defendants a statement that these phone records and emails do not exist.**

As I told Your Honor they cannot exist since Plaintiff never worked these hours doing customer (patient) services.

I recently received the detailed phone records from the office phone from BCM and it shows for the period of time Plaintiff worked there are only 70 calls after 5pm out of 6,000+ calls. Some of the calls were made by myself or other physicians who were in the office after 5pm. Plaintiff made no calls from the office phone after 5pm since she was not there. I will share with Plaintiff today.

I am waiting for the T-Mobile detailed records which I was told by T-Mobile I should be receiving in several days from now.

I will file all once the records are complete.

I suggest that we have a conference call to see if we can settle this case since he did not write that the phone calls and emails do not exist, or they do not have as instructed by your Order.

I look forward to your response. Thank you.

Steven Victor MD ABRM

As a threshold matter, the parties should not email the Court at any time. All communications with the Court must be filed on the docket.

Secondly, based on Dr. Victor's representations at the conference on September 8, the Court had expected that counsel would have filed an appearance by now, and that has not occurred. Communications such as the one sent by Dr. Victor would best come from counsel, assuming new counsel is going to appear.

Third, the parties should meet and confer in advance of the status conference on October 6 to see if they can resolve any of the issues presented in Dr. Victor's email. If the issues still require resolution, they may be raised at the October 6 conference. The Court notes that any sealing issues only arise when documents that may include private information are filed as part of submissions to the Court.

Finally, if the parties wish to schedule a settlement conference with the undersigned – or alternatively be referred to the Court Mediation Program – that too may be requested at the October 6 conference.

**SO ORDERED.**

Dated: September 27, 2021
　　　　New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

3